# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:11cv190

| | | |
|---|---|---|
| SYNOVUS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| LONELL G. PIERCE, | ) | |
| | ) | |
| Defendant/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SYNOVUS FINANCIAL CORP. d/b/a | ) | |
| NATIONAL BANK OF SOUTH | ) | |
| CAROLINA, et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Third Party Defendant Synovus Financial Corp.'s Motion to Dismiss Defendant's Amended Third Party Claims [Doc. 14] and the Plaintiff Synovus Bank's Motion to Dismiss the Defendant's Amended Counterclaims [Doc. 16].

The facts, legal issues and causes of action asserted by the parties in the present matter are virtually identical to those in the case of <u>Synovus Bank v. Coleman</u>, Case No. 1:11cv66 (W.D.N.C.), and the same attorneys appear

in both cases. Even though the cases have not been consolidated, the decision of this Court in the Order being entered contemporaneously herewith in Coleman addresses and disposes of nearly all of the issues raised by the motions currently before the Court in this matter. The Order in Coleman, therefore, is incorporated herein, and the current motions will be disposed of in accord therewith.

Synovus Bank and Synovus Financial also move to dismiss the Defendant Pierce's counterclaims and third party claims, respectively, in part on the grounds that his claims are subject to the so-called "two-dismissal" rule set forth in Federal Rule of Civil Procedure 41(a)(1)(B). Because this issue was not raised by the parties in Coleman, the Court will proceed to address this issue separately.

The procedural background relevant to this particular issue is as follows. On August 12, 2012, Pierce and others filed a "Class Action Complaint Motion for Preliminary Injunction" in the Superior Court of Henderson County against NBSC Corporation, seeking to restrain the continuation of foreclosure proceedings by NBSC in relation to the plaintiffs' properties at Seven Falls. See 182 Investments, LLC, et al. v. NBSC Corporation, No. 10 CVS 1373

(N.C. Sup. Ct.) ("Costanzo I")[1] [Doc. 17-5].  On August 23, 2010, Costanzo I was removed to this Court.  See  182 Investments, LLC, et al. v. NBSC Corporation, No. 1:10-cv-178 (W.D.N.C.).  Subsequently, on September 8, 2010, Pierce and other Seven Falls lot purchasers filed an action against Synovus Financial Corp. in the United States District Court for the District of South Carolina.  See Marshall, et al. v. Synovus Corp., No. 3:10-cv-2344-CMC ("Marshall") [Doc. 17-6].

On September 15, 2010, Pierce and the other Costanzo I plaintiffs filed a Notice of Voluntary Dismissal without prejudice.  [Doc. 17-7].  On November 15, 2010, Pierce and his fellow plaintiffs dismissed their claims in Marshall without prejudice.  [Doc. 17-8].  Based on these two prior dismissals, Synovus Bank and Synovus Financial Corp. argue that Defendant Pierce's present counterclaims and third party claims are barred.

Rule 41(a)(1) of the Federal Rules of Civil Procedure allows a party to dismiss his or her claims against another party by filing a notice of dismissal before the other party files an answer or motion for summary judgment, or by

---

[1]Kenneth Costanzo was one of the plaintiffs in this state court action.  When the action was later re-filed in federal court, Costanzo was designated as the lead plaintiff. See Costanzo, et al. v. Synovus Financial Corp., et al., No. 1:10cv275 (W.D.N.C.) ("Costanzo II").  Thus, for ease of reference, the earlier case shall be referred to as "Costanzo I."

filing a stipulation between the parties as to the dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i), (ii). The Rule further provides as follows:

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1)(B). The two-dismissal rule applies equally to counterclaims, crossclaims, and third party claims. See Fed. R. Civ. P. 41(c). In addition to requiring that the two actions be "based on or including the same claim," see Fed. R. Civ. P. 41(a)(1)(B), the two-dismissal rule requires that the defendants involved in both actions "be the same, substantially the same, or in privity." Wahler v. Countrywide Home Loans, Inc., No. 1:05CV349, 2006 WL 2882495, at *2 (W.D.N.C. Oct. 5, 2006) (quoting Ogden Allied Sec. Servs., Inc. v. Draper & Kramer, 137 F.R.D. 259, 261 (N.D. Ill. 1991)).

After carefully reviewing the claims asserted by Pierce in each of these actions, the Court concludes that the two-dismissal rule is not applicable to the present case. First, neither Synovus Financial Corp. nor Synovus Bank were named as a defendant in both prior actions. The first action filed by Pierce, Costanzo I, was filed against NBSC Corporation only. Only Synovus

4

Bank claims any affiliation with NBSC by virtue of its status as successor by name change and merger.  [See Complaint, Doc. 1 at ¶ 1].   Other than the Defendant's conclusory allegation that Synovus Bank "does business under many names, including [NBSC] and Synovus Financial Corp." [Counterclaim, Doc. 9 at ¶ 4] -- an allegation that is apparently now abandoned[2] -- there is nothing in the record to suggest that NBSC stands in privity with *both* Synovus entities such that Costanzo I could be considered a lawsuit filed against both Synovus Bank and Synovus Financial Corp.

The second action, Marshall, is against Synovus Financial Corp. only; Synovus Bank is not named as a party in that action.  Again, there appears to be no basis in the record to support a finding that this second action was a lawsuit filed against both Synovus Bank and Synovus Financial Corp.  Thus, it appears that the two prior actions do not involve the "same" defendants such that the two-dismissal rule could be applied in this case.

Second, the counterclaims and third party claims asserted by Pierce in the present action, while similar to the claims asserted in Marshall, are entirely distinct from the claim for injunctive relief asserted in Costanzo I.  See Charles

---

[2]In opposition to the Motions to Dismiss, the Defendant concedes that Synovus Bank and Synovus Financial Corp. are "two separate entities" and cites to Georgia Secretary of State Filings in support of this assertion.  [Doc. 19 at 25].

Alan Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2368 (3d ed. 2008) (noting distinction between suit to enjoin corporate directors from issuing unissued stock and increasing membership of board and subsequent suit against same directors alleging fraud and mismanagement and praying for an accounting, a receivership, and a dissolution of the corporation) (citing <u>Crump v. Gold House Restaurants, Inc.</u>, 96 So.2d 215, 218 (Fla. 1957)). Because Pierce's counterclaims and third party claims neither are "based on" or include the claim asserted in <u>Costanzo I</u>, the Court concludes that his present claims are not subject to dismissal pursuant to Rule 41(a)(1)(B).


## O R D E R

**IT IS, THEREFORE, ORDERED** that the Third Party Defendant Synovus Financial Corp.'s Motion to Dismiss Defendant's Amended Third Party Claims [Doc. 14] is **GRANTED**, and the Defendant's Amended Third Party Claims against Synovus Financial Corp. are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff Synovus Bank's Motion to Dismiss the Defendants' Amended Counterclaims [Doc. 16] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Bank's Motion to Dismiss the

Defendant's ILSA claim is **DENIED**. In all other respects, the Bank's Motion to Dismiss is **GRANTED**, and all of the Defendant's counterclaims, with the exception of his ILSA claim, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall conduct an initial attorneys' conference within fourteen (14) days of the entry of this Order and shall file a Certificate of Initial Attorneys' Conference within seven (7) days thereafter.

**IT IS SO ORDERED.**

Signed: August 15, 2012

Martin Reidinger
United States District Judge